**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SAMUEL SACKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 25-01428-MN-LDH |
| v. | ) | |
| | ) | |
| JPMORGAN CHASE & CO., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

*Pro se* plaintiff Samuel Sackey initiated this action against his former employer, Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "JPMC") purporting to assert claims arising under federal "whistleblower protection statutes," as well state law claims of defamation, intentional infliction of emotional distress, breach of contract, constructive discharge, and various economic torts. (*See generally* D.I. 2). Pending before the Court are fourteen motions which I address as follows:

1. Mr. Sackey filed a Motion to Correct Clerical Error in Case Management Record (D.I. 6) seeking to update certain administrative codes used by the Court's CM/ECF e-filing system. I understand that the Clerk's Office does not have the ability to provide Mr. Sackey with the clerical relief he seeks, so this motion is DENIED.

2. Mr. Sackey filed a Motion for Leave to File Second Amended Complaint (D.I. 52). Defendant filed no opposition. Accordingly, I GRANT this motion.[1] The Clerk of Court is directed to docket D.I. 52-1 as Mr. Sackey's Second Amended Complaint.

3. Having granted Mr. Sackey leave to file a Second Amended Complaint,

---

[1]    *See Truinject Corp v. Galderma S.A.*, No. 19-00592-GBW, 2023 WL 5993170, at *1 (D. Del. Sept. 15, 2023) (treating motions granting leave to amend as non-dispositive).

1

Defendant's Motion to Dismiss for Failure to State a Claim (D.I. 25) and Mr. Sackey's First Motion for Leave to File Supplemental Briefing in Support of Opposition to Defendants Motion to Dismiss (D.I. 35) are DENIED as moot without prejudice to renew.

4.    Having granted Mr. Sackey leave to file a Second Amended Complaint, Mr. Sackey's Motion for Summary Judgment (D.I. 40), Motion for Leave to File Supplemental Briefing in Support of Motion for Summary Judgment (D.I. 53), Motion for Leave to File Supplemental Summary Report in Support of Motion for Summary Judgment (D.I. 41), Second Motion for Leave to File Amended Supplemental Summary Report and Unsworn Declaration in Support of Motion for Summary Judgment  (D.I. 43), and Motion for Leave to File to Declaration of Samuel Sackey in Support of Plaintiff's Motion for Summary Judgment Under Seal  (D.I. 46) are DENIED as moot.  Those motions are also denied as premature without prejudice to renew after the close of discovery.  *See Hill v. UPMC Collections*, No. 24-1600, 2026 WL 796588, at *2 (M.D. Pa. Feb. 23, 2026), *report and recommendation adopted*, No. 24-1600, 2026 WL 793306 (M.D. Pa. Mar. 20, 2026) (denying as premature motion for summary judgment filed in early stages of a case before the close of fact discovery).

5.    Mr. Sackey has filed a Motion to Compel Rule 26(f) Conference to Commence Discovery (D.I. 37), a Motion to Appoint Mediator without Staying Proceedings  (D.I. 45), a Motion to Expedite Discovery Under Federal Rule of Civil Procedure 26(d) (D.I. 47), a Motion for Leave to File Supplemental Brief in Support of Motion for Expedited Discovery Under Federal Rule of Civil Procedure 26(d) (D.I. 55), and a Motion to Expedite Case and for Prompt Case Management Relief  (D.I. 59).  These motions are DENIED as premature as case management will proceed in due course after Defendant has responded to Mr. Sackey's Second Amended Complaint.

Objections to this Report and Recommendation may be filed within fourteen (14) days after

being served with a copy of the Order and Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d). Objections are limited to seven (7) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006–08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, C.A. No. 24-2052, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

Date: July 10, 2026

_____
United States Magistrate Judge

3